UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ILYA MELNICHENKO, OLGA MILINTENKOVA and     Civil Action No.
EVEGENY TARASOV,     17-Civ-04021 (NRB)
                       Plaintiff(s),

      -against-

MR. MART USA, LLC, PALMETTO GAS COMPANY,
LLC, PALMETTO 511, LLC, FOREST HILLS GAS
COMPANY #502, LLC, FRANK GUTTA, ALI JAFERI
and ABBAS M. JAFERI,

                       Defendants.
-------------------------------------------------------------------X
MR. MART USA, LLC, a Florida limited liability company,
PALMETTO GAS COMPANY, LLC, a Florida limited
liability company, PALMETTO 511, LLC, a Florida limited
liability company, FOREST HILLS GAS COMPANY #502,
LLC, a Florida limited liability company, and FRANK
GUTTA, an individual,

                       Third-Party Plaintiffs,

      -against-                                          **ANSWER TO FIRST**
                                                               **AMENDED VERIFIED**
MONA SHAH, ESQ., an individual, MONA SHAH, P.C.,      **THIRD-PARTY**
a New York professional corporation, VLADISLAV            **COMPLAINT**
SIROTA, an individual, SIROTA & ASSOCIATES, P.C.,
a New York professional corporation, NADIM AHMED,
an individual, EDWIN SHAW, LLC, a New York limited
liability company, and DANIEL D. ESTRIN, ESQ.,
an individual,

                       Third-Party Defendants.
-------------------------------------------------------------------X

        Third-Party Defendants Vladislav Sirota, Daniel D. Estrin, Esq. and Sirota & Associates, P.C. (collectively hereinafter "Sirota third-party defendants"), by their attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, as and for their Answer to First Amended Verified Third-Party Complaint ("Complaint"), state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "" of the Complaint.

8. Admit the allegations contained in paragraph "8" of the Complaint.

9. Admit the allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations contained in paragraph "12" of the Complaint, as Daniel Estrin is an attorney admitted in the Rhode Island Supreme Court and is not a resident of this district.

13. Deny the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint.

15. Deny the allegations contained in paragraph "15" of the Complaint.

16. Deny the allegations contained in paragraph "16" of the Complaint, and refer to the referenced Congressional program for the details thereof.

17. Deny the allegations contained in paragraph "17" of the Complaint, and refer to the referenced Congressional program for the details thereof.

18. Deny the allegations contained in paragraph "18" of the Complaint, and refer to the referenced Congressional program for the details thereof.

19. Deny the allegations contained in paragraph "19" of the Complaint, and refer to the referenced Congressional program for the details thereof.

20. Deny the allegations contained in paragraph "20" of the Complaint, and refer to the referenced Congressional program for the details thereof.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that the Sirota third-party defendants were retained by plaintiffs to assist with obtaining visas.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Deny the allegations contained in paragraph "28" of the Complaint.

29. Deny the allegations contained in paragraph "29" of the Complaint, except refer to the contracts between the plaintiffs and the defendant/third-party plaintiffs for the terms and conditions thereof.

30. Deny the allegations contained in paragraph "30" of the Complaint, except admit that plaintiffs retained the Sirota third-party defendants to assist with their visa applications.

31. Deny the allegations contained in paragraph "31" of the Complaint, except admit that the petitions were denied.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. Deny the allegations contained in paragraph "36" of the Complaint.

### FOR AN ANSWER TO THE FIRST COUNT FRAUD
**(against the Shah Third Party Defendants and the Sirota Third Party Defendants)**

37. In response to paragraph "37" of the Complaint, Sirota third-party defendants repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "36" above as if fully set forth herein at length.

38. Deny the allegations contained in paragraph "38" of the Complaint, except admit that the Sirota third-party defendants were competent to perform the legal services they were retained to provide on behalf the plaintiffs, and did so.

39. Deny the allegations contained in paragraph "39" of the Complaint.

40. Deny the allegations contained in paragraph "40" of the Complaint.

41. Deny the allegations contained in paragraph "41" of the Complaint.

42. Deny the allegations contained in paragraph "42" of the Complaint.

**FOR AN ANSWER TO THE SECOND COUNT
BREACH OF FIDUCIARY DUTY
(Corporate Defendants against the Shah Defendants)**

43. In response to paragraph "43" of the Complaint, the Sirota third-party defendants repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "42" above as if fully set forth herein at length.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations contained in paragraph "48" of the Complaint.

**FOR AN ANSWER TO THE THIRD COUNT
BREACH OF CONTRACT
(against Shah Defendants)**

49. In response to paragraph "43" of the Complaint, the Sirota third-party defendants repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "48" above as if fully set forth herein at length.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations contained in paragraph "54" of the Complaint.

### FOR AN ANSWER TO THE FOURTH COUNT
### CIVIL CONSPIRACY
### (against all Third Party Defendants)

55. In response to paragraph "55" of the Complaint, the Sirota third-party defendants repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "54" above as if fully set forth herein at length.

56. Deny the allegations contained in paragraph "56" of the Complaint.

57. Deny the allegations contained in paragraph "57" of the Complaint.

58. Deny the allegations contained in paragraph "58" of the Complaint.

59. Deny the allegations contained in paragraph "59" of the Complaint.

### FOR AN ANSWER TO THE FIFTH COUNT
### INDEMNIFICATION
### (against all Third Party Defendants)

60. In response to paragraph "60" of the Complaint, the Sirota third-party defendants repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "59" above as if fully set forth herein at length.

61. Deny the allegations contained in paragraph "61" of the Complaint.

62. Deny the allegations contained in paragraph "62" of the Complaint.

63.     Deny the allegations contained in paragraph "63" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     The claims alleged in the First Amended Verified Third-Party Complaint fail to state any grounds upon which relief can or should be granted by this court against the Sirota third-party defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     At all times relevant hereto, the Sirota third-party defendants acted in good faith, without malice, and did not act in a wrongful manner.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     The claims asserted against the Sirota third-party defendants are barred by a release executed in a prior action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     The relief sought by third-party plaintiffs is barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.     The relief sought by third-party plaintiffs is barred by the doctrines of waiver and/or estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.     Third-party plaintiffs have failed to mitigate their damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.     Any amount of damages otherwise recoverable by the third-party plaintiffs shall be

diminished in total, or in proportion to which such culpable conduct of the plaintiffs bears to the total conduct causing the damages alleged in the First Amended Verified Third-Party Complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.     The alleged damages, if any, sustained by third-party plaintiffs were caused in whole or in part by the conduct of plaintiff or third-parties, over whom the Sirota third-party defendants had no control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.     Third-party plaintiffs have failed to join all of the necessary and indispensable parties in this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.     The claims and causes of action asserted in the First Amended Verified Third-Party Complaint are barred by the applicable statutes of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74.     At all times relevant hereto, the Sirota third-party defendants did not act in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75.     Third-party plaintiffs have failed to allege that any act or omission by the Sirota third-party defendants was the proximate cause of any damage.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76.     Third-party plaintiffs have failed to allege actual and ascertainable damages.

## AS AND FOR A THIRTEENETH AFFIRMATIVE DEFENSE

77.   Third-party plaintiffs have failed to allege collectible damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

78.   The Sirota third-party defendants reserve the right to assert additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

**WHEREFORE**, Third-Party Defendants Vladislav Sirota, Daniel D. Estrin, Esq. and Sirota & Associates, P.C. demand judgment dismissing the First Amended Verified Third-Party Complaint herein with prejudice, awarding costs, sanctions and reasonable counsel fees, and granting such other and further relief as the court deems just and proper.

Dated: Hawthorne, New York
March 8, 2019

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By: _____
Lisa L. Shrewsberry (LS 1597)
Seven Skyline Drive
Hawthorne, New York 10532
Telephone: (914) 347-2600
Facsimile: (914) 347-8898
Email: lshrewsberry@tlsslaw.com
*Attorneys for Third-Party Defendants Vladislav Sirota, Daniel D. Estrin, Esq. and Sirota & Associates, P.C.*